JUDGE GARDEPHE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

YANIV ISRAELI,                                    14 CV Docket No. 9244

        Plaintiff,                           JUDGE: _____

JOSE D. RUIZ and FIERMAN PRODUCE EXCHANGE,     NOTICE OF REMOVAL
INC.

        Defendants.

-------------------------------------------------------------------x

Defendant(s), **JOSE D. RUIZ and FIERMAN PRODUCE EXCHANGE, INC.**

**INC.** , allege(s):

    1.      **JOSE D. RUIZ and FIERMAN PRODUCE EXCHANGE, INC.**, are

defendant(s) in a civil action originally filed on October 28, 2014, in the Supreme Court of the State

of New York for the County of Bronx, under Index No. 305681/2014, entitled:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------------X

YANIV ISRAELI,                                    Index No.: 305681/2014

        Plaintiff,

JOSE D. RUIZ and FIERMAN PRODUCE EXCHANGE,
INC.

        Defendants.

-------------------------------------------------------------------X

    2:      Both defendants **JOSE D. RUIZ and FIERMAN PRODUCE EXCHANGE,**

**INC.** are represented by the undersigned David Weiser, Esq. of the law firm of Crisci, Weiser &

McCarthy.

### TIMELINESS OF REMOVAL

    3.      Defendants, **JOSE D. RUIZ and FIERMAN PRODUCE EXCHANGE, INC.** ,

were served with the summons and complaint on November 12, 2012, thus removal is timely under

28 USC Sections 1141 and 1446(b).  Please see affidavits of the defendants **JOSE D. RUIZ and**

**FIERMAN PRODUCE EXCHANGE, INC.** annexed hereto as (**Exhibits "A" & "B",** attached

hereto**).**  Likewise, the state court action was filed on October 28, 2014.  See (**Exhibit "C",**

attached hereto**),** state court action summons & complaint.

    4.       The defendants, **JOSE D. RUIZ and FIERMAN PRODUCE EXCHANGE,**

**INC,** served upon the plaintiff's attorney on November 20, 2014, a demand for Statement of

Damages (**Exhibit "D",** attached hereto).   On November 19, 2014, defendants served a Verified

Answer (**Exhibit "E",** attached hereto) upon the plaintiff.   In addition, the undersigned sent

plaintiff a letter demanding that the plaintiff immediately respond to a statement of damages since

the defendants' intent is to remove this case to the Southern District, Federal Court, see (**Exhibit**

**"F",** attached hereto).

    5.       True and complete copies of all the process and pleadings served on the defendants

in this action are attached as (**Exhibit "C", "D", "E" & "F"** attached hereto) and no further

proceedings have been had.

**BASIS FOR JURISDICTION**

    6.       This Court has original jurisdiction over this action based on diversity of citizenship

pursuant to 28 USC Section 1332.

    7.       This is a civil action in which the matter in controversy, the undersigned assumes,

based upon information conveyed by plaintiff's counsel to defendants' insurance carrier, and upon

allegations of injury in the complaint, exceeds the sum of $75,000.00, exclusive of interest and costs

in that the plaintiff has allegedly sustained a crush injury resulting in two surgeries.

    8.       Plaintiff, **YANIV ISRAELI,** is a citizen of New Jersey living at 240 Prospect

Avenue,  Hackensack, New Jersey 07601. Annexed hereto as (**Exhibit "G",** attached hereto) is the

Police accident report.

9.       Defendant(s), **JOSE D. RUIZ and FIERMAN PRODUCE EXCHANGE, INC.**

are both citizens of New York and as is more fully outlined in their affidavits annexed hereto as

(**Exhibits "A" & "B"**, attached hereto).

10.      Thus complete diversity exists.

**WHEREFORE**, defendant(s), **JOSE D. RUIZ and FIERMAN PRODUCE**

**EXCHANGE, INC. ,** file this notice to remove the action now pending in the Supreme Court of

the State of New York, County of Bronx, Index No. 30568/2014 from that Court to this Court.

Dated: November 20, 2014
           New York, New York

Yours, etc.,

**CRISCI, WEISER & MCCARTHY**
Attorney for Defendant(s)
**JOSE D. RUIZ and FIERMAN**
**PRODUCE EXCHANGE, INC.**
17 State Street, 8th Floor
New York, NY 10004
212-943-8940
File No. 14-418587 – DW

By: 

**DAVID WEISER**
(DW-5414)

TO:      SHAEVITZ, SHAEVITZ & KOTZAMANIS.
           Attorneys for Plaintiff(s)
           148-55 Hillside Avenue
           Jamaica, New York 11435
           718-291-3400

           Clerk of the Court
           SUPREME COURT/BRONX COUNTY
           851 Grand Concourse
           Bronx, NY 10451

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
YANIV ISRAELI,

                Plaintiff,

JOSE D. RUIZ and FIERMAN PRODUCE EXCHANGE, INC.

                Defendants.
-----------------------------------------------------------------------X

Docket No. _____

JUDGE: _____

**RULE 7.1 STATEMENT**

      **PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 7.1** [formerly Local General Rule 1.9] and to enable District Judges and Magistrates Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for defendant(s), **JOSE D. RUIZ and FIERMAN PRODUCE EXCHANGE, INC.** , certifies that defendant, **FIERMAN PRODUCE EXCHANGE, INC..**, (a private non-governmental party) has no publicly held corporate parents, affiliates and/or subsidiaries.

Dated:  November 20, 2014
      New York, New York

                Yours, etc.,

                **CRISCI, WEISER & MCCARTHY**
                Attorney for Defendant(s)
                **JOSE D. RUIZ and FIERMAN PRODUCE EXCHANGE, INC.**
                17 State Street, 8th Floor
                New York, NY  10004
                212-943-8940
                File No. 14-418587 – DW

                By: _____
                      **DAVID WEISER**
                      (DW-5414)

TO:    SHAEVITZ, SHAEVITZ & KOTZAMANIS.
        Attorneys for Plaintiff(s)
        148-55 Hillside Avenue
        Jamaica, New York 11435
        718-291-3400

Clerk of the Court
SUPREME COURT/BRONX COUNTY
851 Grand Concourse
Bronx, NY 10451

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------------X
YANIV ISRAELI,                                          Index No.: 30568/2014

                        Plaintiff,              **NOTICE OF FILING NOTICE
                                                OF REMOVAL**


JOSE D. RUIZ and FIERMAN PRODUCE EXCHANGE,
INC.

                        Defendants.
-------------------------------------------------------------------------X


**S I R S :**

        **PLEASE TAKE NOTICE THAT ON** November 19, 2014, defendant(s), **JOSE D.**

**RUIZ and FIERMAN PRODUCE EXCHANGE, INC.,** by their attorneys, **LAW OFFICE OF**

**CRISCI, WEISER & McCARTHY**, filed a Notice of Removal, a copy of which is attached, in the

United States District Court for the Southern District of New York.  This document is being filed

with the Clerk, Supreme Court, Bronx County.

Dated: November 20, 2014
        New York, New York



                                        Yours, etc.,

                                        **CRISCI, WEISER & MCCARTHY**
                                        Attorney for Defendant(s)
                                        **JOSE D. RUIZ and FIERMAN**
                                        **PRODUCE EXCHANGE, INC.**
                                        17 State Street, 8th Floor
                                        New York, NY  10004
                                        212-943-8940
                                        File No. 14-418587 – DW

                                        By:_____
                                                **DAVID WEISER**
                                                (DW-5414)

TO:     SHAEVITZ, SHAEVITZ & KOTZAMANIS.
        Attorneys for Plaintiff(s)
        148-55 Hillside Avenue
        Jamaica, New York 11435
        718-291-3400

        Clerk of the Court
        SUPREME COURT/BRONX COUNTY
        851 Grand Concourse
        Bronx, NY 10451



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

YANIV ISRAELI,                                      Index No.: 30568/2014

                        Plaintiff,                  **AFFIDAVIT**


JOSE D. RUIZ and FIERMAN PRODUCE EXCHANGE,
INC.


                        Defendants.
-------------------------------------------------------------------X

        I ROBERT FERLA swear under the penalties of perjury as follows:


1:      I am employed by FIERMAN PRODUCE EXCHANGE, INC. as our operations
        manager.  As operations manager for FIERMAN PRODUCE EXCHANGE, INC.
        I have the authority, knowledge and power on behalf of the company to swear as
        follows.

2:      On November 12, 2014  FIERMAN PRODUCE EXCHANGE, INC. was served
        with a summons & complaint bearing Index number 30568/2014 at our place of
        business in the Bronx, New York.  A copy of the summons & complaint that was
        served upon FIERMAN PRODUCE EXCHANGE, INC. is annexed hereto as
        Exhibit "A".

3:      FIERMAN PRODUCE EXCHANGE, INC. is a domestic New York State
        Company as further evidenced with our filings with New York State Department
        of State, annexed hereto as Exhibit "B".

Dated: November *18*, 2014
        Bronx, New York


                                                    _____
                                                    ROBERT FERLA


_____
Notary Public-State of New York

**JANET SUGRUE**
**NOTARY PUBLIC-STATE OF NEW YORK**
**No. 01SU6301191**
**Qualified in Westchester County**
**My Commission Expires April 14, 2018**

A

FILED  Oct 28 2014 Bronx County Clerk

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**
--------------------------------------------------------------X
YANIV ISRAELI,

                                Plaintiff(s),                 **VERIFIED COMPLAINT**

      -against-                                 Index No.

JOSE D. RUIZ and FIERMAN PRODUCE EXCHANGE,
INC.,

                                Defendant(s).
--------------------------------------------------------------X

Plaintiff, by his attorneys **SHAEVITZ, SHAEVITZ & KOTZAMANIS, ESQS.**, as and for

his Verified Complaint, respectfully complains of the defendants as follows, upon information and

belief:

                     ***AS AND FOR A FIRST CAUSE OF ACTION***
                ***ON BEHALF OF PLAINTIFF YANIV ISRAELI***

1.      That there is a general jurisdiction over the defendants under CPLR Section 301.

2.      That at all times herein mentioned, defendant JOSE D. RUIZ was and still is a

resident of the County of Bronx, City and State of New York.

3.      That on or about August 26, 2014, at approximately 6:58 A.M., while lawfully and

properly in front of 253 Avenue B at or near its intersection with Food Center Road, in the County of

the Bronx, City and State of New York, the plaintiff was caused to be to be struck by a forklift as a

direct result of the negligent acts and/or omissions of the defendants, JOSE D. RUIZ and FIERMAN

PRODUCE EXCHANGE, INC., their agents, servants and/or employees in the ownership, operation,

maintenance, management and/or control of the aforesaid forklift.

FILED, Oct 28 2014 Bronx County Clerk

4.      That at all times hereinafter mentioned, the defendant, FIERMAN PRODUCE EXCHANGE is a domestic corporation duly authorized and existing under and by virtue of the Laws of the State of New York.

5.      That at all times hereinafter mentioned, the defendant, FIERMAN PRODUCE EXCHANGE is a foreign corporation duly authorized to conduct business in the State of New York.

6.      That at all times hereinafter mentioned, the defendant, FIERMAN PRODUCE EXCHANGE was and still is authorized to do business in the State of New York.

7.      That at all times hereinafter mentioned, the defendant, FIERMAN PRODUCE EXCHANGE, INC. maintains offices to conduct business in the State of New York.

8.      That on the above stated date, the defendant FIERMAN PRODUCE EXCHANGE, INC. owned the aforementioned forklift.

9.      That on the above stated date, the defendant FIERMAN PRODUCE EXCHANGE, INC., its agents, servants and/or employees operated the aforementioned forklift.

10.     That on the above stated date, the defendant FIERMAN PRODUCE EXCHANGE, INC., its agents, servants and/or employees maintained the aforementioned forklift.

11.     That on the above stated date, the defendant FIERMAN PRODUCE EXCHANGE, INC., its agents, servants and/or employees managed the aforementioned forklift.

12.     That on the above stated date, the defendant FIERMAN PRODUCE EXCHANGE, INC., its agents, servants and/or employees controlled the aforementioned forklift.

13.     That on the above stated date, the defendant JOSE D. RUIZ was an employee of the defendant, FIERMAN PRODUCE EXCHANGE, INC..

14.     That on the above stated date, the defendant JOSE D. RUIZ operated the aforementioned forklift.

FILED, Oct 28 2014 Bronx County Clerk

15.     That on the above stated date, the defendant JOSE D. RUIZ operated the aforementioned forklift, within the scope of his employment.

16.     That on the above stated date at the above stated location, contact occurred between the forklift and the plaintiff.

17.     That on the above stated date at the above stated location, contact occurred between the forklift and a pedestrian.

18.     That the accident in question was caused wholly and solely by reason of the negligent acts and/or omissions by the defendants in the ownership, operation, management, control, inspection and repair of the aforementioned forklift.

19.     That there was no negligence on the part of the plaintiff contributing thereto.

20.     That at all the times heretofore and hereinafter mentioned, it was the duty and obligation of the defendants their agents, servants, employees and/or licensees to operate and maintain the aforesaid forklift, in a safe and proper condition and manner so that it would not be dangerous to employees, visitors, pedestrians and/or passerbys.

21.     That at all times hereinafter mentioned among the duties imposed by law upon the defendants herein, their agents, servants, employees and/or licensees, was to keep the aforesaid forklift thereat in a state of good repair and free from defects, obstructions, nuisances, traps, and to maintain and operate the same in a reasonably safe condition and manner for plaintiff and others lawfully thereat to travel and/or near, and to keep the same free from defects, traps and conditions constituting a danger and menace to persons lawfully and properly upon the aforementioned premises.

FILED  Oct 28 2014 Bronx County Clerk

22.    That on the above stated date, or prior thereto, the defendants herein, their agents, servants, employees and/or licensees caused, created, permitted and/or allowed the aforesaid premises, more particularly the forklift thereat, to be, become and remain in a dangerous, defective and negligent condition.

23.    That on the above stated date, while the plaintiff was lawfully on the aforesaid premises, plaintiff was caused to be injured by reason of the negligence, carelessness and want of proper care of the defendants, their agents, servants and/or employees.

24.    That the aforesaid occurrence and resulting injuries sustained by the plaintiff were caused wholly and solely through the carelessness, recklessness and negligence of the defendants herein, their agents, servants, employees and/or licensees, without any fault or lack of care on the part of the plaintiff contributing thereto.

25.    That by reason of the foregoing and by reason of the negligence, carelessness and recklessness of the defendants herein, their agents, servants, employees and/or licensees, as aforesaid, the plaintiff was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; has and continues to experience the loss of normal pursuits and pleasures of life; has been informed and verily believes that he maybe permanently injured; has and will be prevented and/or limited in performing his usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage in the sum of that exceeds the jurisdictional amounts of any lower Court.

## ON BEHALF OF PLAINTIFF FOR MEDICAL BILLS

26.    Plaintiff, repeats, reiterates and realleges each and every allegation in the preceding cause of action with the same force and effect as if the same were more fully set forth at length herein.

FILED Oct 28 2014 Bronx County Clerk

27.     That as a result of said accident, plaintiff has been caused to incur hospital bills, medical bills and pocket expenses for treatment and care of those injuries caused by the negligence of the defendants herein.

28.     That as a result of the foregoing, plaintiff has sustained outstanding hospital bills, medical bills and out of pocket expenses in the sum that exceeds the jurisdictional amounts of any lower Court.

**WHEREFORE**, plaintiff demands judgment against the defendants in the first cause of action in the sum of that exceeds the jurisdictional amounts of any lower Court, together with the costs and disbursements of this action.

Dated:          Jamaica, New York
                October 22, 2014

Yours, etc.

By: Stuart Sears, Esq.
SHAEVITZ, SHAEVITZ & KOTZAMANIS
Attorney for Plaintiff(s)
148-55 Hillside Avenue
Jamaica, New York 11435
Phone: (718) 291-3400



FILED  Oct 28 2014 Bronx County Clerk

STATE OF NEW YORK

ss:

COUNTY OF QUEENS


**YANIV ISRAELI**                    , being duly sworn, says:

I am a plaintiff in the action herein:  I have read the annexed **SUMMONS AND**

**COMPLAINT**                    know the contents thereof, and the same are true to my knowledge,

except those matters therein which are stated to be alleged upon information and belief, and as to

those matters I believe them to be true. My belief as to those matters therein not stated upon

knowledge, is based upon facts, records, and other pertinent information contained in my

personal files.


Dated:  Jamaica, New York

October 72, ,2014


_____

**YANIV ISRAELI**


Sworn to before me this 27th day
day of  October , 2014


_____   _____
Notary Public

**STUART L. SEARS**
NOTARY PUBLIC, State of New York
No. 02SE5049209
Qualified in Queens County
Commission Expires Sept. 11, 20

B

Entity Information

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through November 17, 2014.

Selected Entity Name: FIERMAN PRODUCE EXCHANGE, INC.
Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | FIERMAN PRODUCE EXCHANGE, INC. |
| **DOS ID #:** | 81348 |
| **Initial DOS Filing Date:** | JANUARY 07, 1948 |
| **County:** | KINGS |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
FIERMAN PRODUCE EXCHANGE, INC.
P.O. BOX 84
BROOKLYN, NEW YORK, 11232

**Registered Agent**

NONE

This office does not record information regarding
the names and addresses of officers, shareholders or
directors of nonprofessional corporations except the
chief executive officer, if provided, which would be
listed above. Professional corporations must include
the name(s) and address(es) of the initial officers,
directors, and shareholders in the initial certificate
of incorporation, however this information is not
recorded and only available by viewing the
certificate.

**\*Stock Information**

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| 0 | Capital Stock | 10000 |

Entity Information                                                        Page 2 of 2

*Stock information is applicable to domestic business corporations.

### Name History

| Filing Date | Name Type | Entity Name |
|---|---|---|
| JAN 07, 1948 | Actual | FIERMAN PRODUCE EXCHANGE, INC. |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

<u>Search Results</u>                    <u>New Search</u>

<u>Services/Programs</u>  |  <u>Privacy Policy</u>  |  <u>Accessibility Policy</u>  |  <u>Disclaimer</u>  |  <u>Return to DOS Homepage</u>  |  <u>Contact Us</u>

B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
YANIV ISRAELI,                                    Index No.: 30568/2014

                        Plaintiff,                **AFFIDAVIT**


JOSE D. RUIZ and FIERMAN PRODUCE EXCHANGE,
INC.


                        Defendants.
-------------------------------------------------------------------X

      I JOSE D. RUIZ swear under the penalties of perjury as follows:


1:     I am a named defendant in this matter.  I am employed by co-defendant
FIERMAN PRODUCE EXCHANGE as a forklift operator. I was the operator of
a forklift as alleged by the plaintiff in his summons & complaint.

2:     On November 12, 2014 I was served with a summons & complaint bearing Index
number 30568/2014.  I was personally served on November 12, 2014 at my place
of employment at FIERMAN PRODUCE EXCHANGE in the Bronx. A copy
the summons & complaint that I was served with is annexed hereto as Exhibit
"A".

3:     I live at 1102 Stratford Avenue Bronx, New York 10472.   I live
nowhere else.  I am a citizen of the State of New York. A copy of my New York
State driver's license is annexed hereto as Exhibit "B".

Dated: November _18_, 2014
      Bronx, New York




                                                JOSE D. RUIZ



Notary Public-State of New York

**JANET SUGRUE**
**NOTARY PUBLIC-STATE OF NEW YORK**
**No. 01SU6301191**
**Qualified in Westchester County**
**My Commission Expires April 14, 2018**

A

FILED  Oct 28 2014 Bronx County Clerk

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**
----------------------------------------------------------------X
YANIV ISRAELI,

                               Plaintiff(s),                **VERIFIED COMPLAINT**

       -against-                               Index No.


JOSE D. RUIZ and FIERMAN PRODUCE EXCHANGE,
INC.,

                             Defendant(s).
----------------------------------------------------------------X

Plaintiff, by his attorneys **SHAEVITZ, SHAEVITZ & KOTZAMANIS, ESQS.**, as and/or

his Verified Complaint, respectfully complains of the defendants as follows, upon information and

belief:

### *AS AND FOR A FIRST CAUSE OF ACTION*
### *ON BEHALF OF PLAINTIFF YANIV ISRAELI*

    1.      That there is a general jurisdiction over the defendants under CPLR Section 301.

    2.      That at all times herein mentioned, defendant JOSE D. RUIZ was and still is a

resident of the County of Bronx, City and State of New York.

    3.      That on or about August 26, 2014, at approximately 6:58 A.M., while lawfully and

properly in front of 253 Avenue B at or near its intersection with Food Center Road, in the County of

the Bronx, City and State of New York, the plaintiff was caused to be to be struck by a forklift as a

direct result of the negligent acts and/or omissions of the defendants, JOSE D. RUIZ and FIERMAN

PRODUCE EXCHANGE, INC., their agents, servants and/or employees in the ownership, operation,

maintenance, management and/or control of the aforesaid forklift.

FILED  Oct 28 2014 Bronx County Clerk

4.      That at all times hereinafter mentioned, the defendant, FIERMAN PRODUCE EXCHANGE is a domestic corporation duly authorized and existing under and by virtue of the Laws of the State of New York.

5.      That at all times hereinafter mentioned, the defendant, FIERMAN PRODUCE EXCHANGE is a foreign corporation duly authorized to conduct business in the State of New York.

6.      That at all times hereinafter mentioned, the defendant, FIERMAN PRODUCE EXCHANGE was and still is authorized to do business in the State of New York.

7.      That at all times hereinafter mentioned, the defendant, FIERMAN PRODUCE EXCHANGE, INC. maintains offices to conduct business in the State of New York.

8.      That on the above stated date, the defendant FIERMAN PRODUCE EXCHANGE, INC. owned the aforementioned forklift.

9.      That on the above stated date, the defendant FIERMAN PRODUCE EXCHANGE, INC., its agents, servants and/or employees operated the aforementioned forklift.

10.     That on the above stated date, the defendant FIERMAN PRODUCE EXCHANGE, INC., its agents, servants and/or employees maintained the aforementioned forklift.

11.     That on the above stated date, the defendant FIERMAN PRODUCE EXCHANGE, INC., its agents, servants and/or employees managed the aforementioned forklift.

12.     That on the above stated date, the defendant FIERMAN PRODUCE EXCHANGE, INC., its agents, servants and/or employees controlled the aforementioned forklift.

13.     That on the above stated date, the defendant JOSE D. RUIZ was an employee of the defendant, FIERMAN PRODUCE EXCHANGE, INC..

14.     That on the above stated date, the defendant JOSE D. RUIZ operated the aforementioned forklift.

FILED, Oct 28 2014 Bronx County Clerk

15.    That on the above stated date, the defendant JOSE D. RUIZ operated the aforementioned forklift, within the scope of his employment.

16.    That on the above stated date at the above stated location, contact occurred between the forklift and the plaintiff.

17.    That on the above stated date at the above stated location, contact occurred between the forklift and a pedestrian.

18.    That the accident in question was caused wholly and solely by reason of the negligent acts and/or omissions by the defendants in the ownership, operation, management, control, inspection and repair of the aforementioned forklift.

19.    That there was no negligence on the part of the plaintiff contributing thereto.

20.    That at all the times heretofore and hereinafter mentioned, it was the duty and obligation of the defendants their agents, servants, employees and/or licensees to operate and maintain the aforesaid forklift, in a safe and proper condition and manner so that it would not be dangerous to employees, visitors, pedestrians and/or passerbys.

21.    That at all times hereinafter mentioned among the duties imposed by law upon the defendants herein, their agents, servants, employees and/or licensees, was to keep the aforesaid forklift thereat in a state of good repair and free from defects, obstructions, nuisances, traps, and to maintain and operate the same in a reasonably safe condition and manner for plaintiff and others lawfully thereat to travel and/or near, and to keep the same free from defects, traps and conditions constituting a danger and menace to persons lawfully and properly upon the aforementioned premises.

FILED  Oct 28 2014 Bronx County Clerk

22.    That on the above stated date, or prior thereto, the defendants herein, their agents, servants, employees and/or licensees caused, created, permitted and/or allowed the aforesaid premises, more particularly the forklift thereat, to be, become and remain in a dangerous, defective and negligent condition.

23.    That on the above stated date, while the plaintiff was lawfully on the aforesaid premises, plaintiff was caused to be injured by reason of the negligence, carelessness and want of proper care of the defendants, their agents, servants and/or employees.

24.    That the aforesaid occurrence and resulting injuries sustained by the plaintiff were caused wholly and solely through the carelessness, recklessness and negligence of the defendants herein, their agents, servants, employees and/or licensees, without any fault or lack of care on the part of the plaintiff contributing thereto.

25.    That by reason of the foregoing and by reason of the negligence, carelessness and recklessness of the defendants herein, their agents, servants, employees and/or licensees, as aforesaid, the plaintiff was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; has and continues to experience the loss of normal pursuits and pleasures of life; has been informed and verily believes that he maybe permanently injured; has and will be prevented and/or limited in performing his usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage in the sum of that exceeds the jurisdictional amounts of any lower Court.

## ON BEHALF OF PLAINTIFF FOR MEDICAL BILLS

26.    Plaintiff, repeats, reiterates and realleges each and every allegation in the preceding cause of action with the same force and effect as if the same were more fully set forth at length herein.

FILED  Oct 28 2014 Bronx County Clerk

27.    That as a result of said accident, plaintiff has been caused to incur hospital bills, medical bills and pocket expenses for treatment and care of those injuries caused by the negligence of the defendants herein.

28.    That as a result of the foregoing, plaintiff has sustained outstanding hospital bills, medical bills and out of pocket expenses in the sum that exceeds the jurisdictional amounts of any lower Court.

**WHEREFORE**, plaintiff demands judgment against the defendants in the first cause of action in the sum of that exceeds the jurisdictional amounts of any lower Court, together with the costs and disbursements of this action.

Dated:        Jamaica, New York
              October 22, 2014

Yours, etc.

By: Stuart Sears, Esq.
SHAEVITZ, SHAEVITZ & KOTZAMANIS
Attorney for Plaintiff(s)
148-55 Hillside Avenue
Jamaica, New York  11435
Phone: (718) 291-3400



FILED  Oct 28 2014 Bronx County Clerk

STATE OF NEW YORK

ss:

COUNTY OF QUEENS


**YANIV ISRAELI**                         , being duly sworn, says:

I am a plaintiff in the action herein:  I have read the annexed **SUMMONS AND**

**COMPLAINT**                         know the contents thereof, and the same are true to my knowledge,

except those matters therein which are stated to be alleged upon information and belief, and as to

those matters I believe them to be true. My belief as to those matters therein not stated upon

knowledge, is based upon facts, records, and other pertinent information contained in my

personal files.


Dated:  Jamaica, New York

October 72, ,2014


                                                                  _____
                                                                  **YANIV ISRAELI**


Sworn to before me this
day of  October , 2014


_____
Notary Public

**STUART L. SEARS**
NOTARY PUBLIC, State of New York
No. 02SE5049209
Qualified in Queens County
Commission Expires Sept. 11, 20

B



C

FILED  Oct 28 2014 Bronx County Clerk

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**
-------------------------------------------------------------X
YANIV ISRAELI,

                         Plaintiff(s),            **VERIFIED COMPLAINT**

      -against-                              Index No.

JOSE D. RUIZ and FIERMAN PRODUCE EXCHANGE,
INC.,

                         Defendant(s).
-------------------------------------------------------------X

14 OCT 28 AM 10: 03
COUNTY CLERK
BRONX COUNTY
RECEIVED

      Plaintiff, by his attorneys **SHAEVITZ, SHAEVITZ & KOTZAMANIS, ESQS.**, as and/or

his Verified Complaint, respectfully complains of the defendants as follows, upon information and

belief:

                        *AS AND FOR A FIRST CAUSE OF ACTION*
                    *ON BEHALF OF PLAINTIFF YANIV ISRAELI*

      1.      That there is a general jurisdiction over the defendants under CPLR Section 301.

      2.      That at all times herein mentioned, defendant JOSE D. RUIZ was and still is a

resident of the County of Bronx, City and State of New York.

      3.      That on or about August 26, 2014, at approximately 6:58 A.M., while lawfully and

properly in front of 253 Avenue B at or near its intersection with Food Center Road, in the County of

the Bronx, City and State of New York, the plaintiff was caused to be to be struck by a forklift as a

direct result of the negligent acts and/or omissions of the defendants, JOSE D. RUIZ and FIERMAN

PRODUCE EXCHANGE, INC., their agents, servants and/or employees in the ownership, operation,

maintenance, management and/or control of the aforesaid forklift.

FILED  Oct 28 2014 Bronx County Clerk

4.      That at all times hereinafter mentioned, the defendant, FIERMAN PRODUCE EXCHANGE is a domestic corporation duly authorized and existing under and by virtue of the Laws of the State of New York.

5.      That at all times hereinafter mentioned, the defendant, FIERMAN PRODUCE EXCHANGE is a foreign corporation duly authorized to conduct business in the State of New York.

6.      That at all times hereinafter mentioned, the defendant, FIERMAN PRODUCE EXCHANGE was and still is authorized to do business in the State of New York.

7.      That at all times hereinafter mentioned, the defendant, FIERMAN PRODUCE EXCHANGE, INC. maintains offices to conduct business in the State of New York.

8.      That on the above stated date, the defendant FIERMAN PRODUCE EXCHANGE, INC. owned the aforementioned forklift.

9.      That on the above stated date, the defendant FIERMAN PRODUCE EXCHANGE, INC., its agents, servants and/or employees operated the aforementioned forklift.

10.     That on the above stated date, the defendant FIERMAN PRODUCE EXCHANGE, INC., its agents, servants and/or employees maintained the aforementioned forklift.

11.     That on the above stated date, the defendant FIERMAN PRODUCE EXCHANGE, INC., its agents, servants and/or employees managed the aforementioned forklift.

12.     That on the above stated date, the defendant FIERMAN PRODUCE EXCHANGE, INC., its agents, servants and/or employees controlled the aforementioned forklift.

13.     That on the above stated date, the defendant JOSE D. RUIZ was an employee of the defendant, FIERMAN PRODUCE EXCHANGE, INC..

14.     That on the above stated date, the defendant JOSE D. RUIZ operated the aforementioned forklift.

FILED. Oct 28 2014 Bronx County Clerk

15.     That on the above stated date, the defendant JOSE D. RUIZ operated the aforementioned forklift, within the scope of his employment.

16.     That on the above stated date at the above stated location, contact occurred between the forklift and the plaintiff.

17.     That on the above stated date at the above stated location, contact occurred between the forklift and a pedestrian.

18.     That the accident in question was caused wholly and solely by reason of the negligent acts and/or omissions by the defendants in the ownership, operation, management, control, inspection and repair of the aforementioned forklift.

19.     That there was no negligence on the part of the plaintiff contributing thereto.

20.     That at all the times heretofore and hereinafter mentioned, it was the duty and obligation of the defendants their agents, servants, employees and/or licensees to operate and maintain the aforesaid forklift, in a safe and proper condition and manner so that it would not be dangerous to employees, visitors, pedestrians and/or passerbys.

21.     That at all times hereinafter mentioned among the duties imposed by law upon the defendants herein, their agents, servants, employees and/or licensees, was to keep the aforesaid forklift thereat in a state of good repair and free from defects, obstructions, nuisances, traps, and to maintain and operate the same in a reasonably safe condition and manner for plaintiff and others lawfully thereat to travel and/or near, and to keep the same free from defects, traps and conditions constituting a danger and menace to persons lawfully and properly upon the aforementioned premises.

FILED  Oct 28 2014 Bronx County Clerk

22.     That on the above stated date, or prior thereto, the defendants herein, their agents, servants, employees and/or licensees caused, created, permitted and/or allowed the aforesaid premises, more particularly the forklift thereat, to be, become and remain in a dangerous, defective and negligent condition.

23.     That on the above stated date, while the plaintiff was lawfully on the aforesaid premises, plaintiff was caused to be injured by reason of the negligence, carelessness and want of proper care of the defendants, their agents, servants and/or employees.

24.     That the aforesaid occurrence and resulting injuries sustained by the plaintiff were caused wholly and solely through the carelessness, recklessness and negligence of the defendants herein, their agents, servants, employees and/or licensees, without any fault or lack of care on the part of the plaintiff contributing thereto.

25.     That by reason of the foregoing and by reason of the negligence, carelessness and recklessness of the defendants herein, their agents, servants, employees and/or licensees, as aforesaid, the plaintiff was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; has and continues to experience the loss of normal pursuits and pleasures of life; has been informed and verily believes that he maybe permanently injured; has and will be prevented and/or limited in performing his usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage in the sum of that exceeds the jurisdictional amounts of any lower Court.

## ON BEHALF OF PLAINTIFF FOR MEDICAL BILLS

26.     Plaintiff, repeats, reiterates and realleges each and every allegation in the preceding cause of action with the same force and effect as if the same were more fully set forth at length herein.

FILED  Oct 28 2014 Bronx County Clerk

27.     That as a result of said accident, plaintiff has been caused to incur hospital bills, medical bills and pocket expenses for treatment and care of those injuries caused by the negligence of the defendants herein.

28.     That as a result of the foregoing, plaintiff has sustained outstanding hospital bills, medical bills and out of pocket expenses in the sum that exceeds the jurisdictional amounts of any lower Court.

**WHEREFORE,** plaintiff demands judgment against the defendants in the first cause of action in the sum of that exceeds the jurisdictional amounts of any lower Court, together with the costs and disbursements of this action.

Dated:          Jamaica, New York
                October 22, 2014

Yours, etc.

By: Stuart Sears, Esq.
SHAEVITZ, SHAEVITZ & KOTZAMANIS
Attorney for Plaintiff(s)
148-55 Hillside Avenue
Jamaica, New York  11435
Phone: (718) 291-3400



FILED  Oct 28 2014 Bronx County Clerk

STATE OF NEW YORK

COUNTY OF QUEENS                    ss:

YANIV ISRAELI                       , being duly sworn, says:

I am a plaintiff in the action herein:  I have read the annexed SUMMONS AND

COMPLAINT                            know the contents thereof, and the same are true to my knowledge,

except those matters therein which are stated to be alleged upon information and belief, and as to

those matters I believe them to be true. My belief as to those matters therein not stated upon

knowledge, is based upon facts, records, and other pertinent information contained in my

personal files.

Dated: Jamaica, New York

October 22,      ,2014

_____

YANIV ISRAELI

Sworn to before me this 22nd
day of October ,2014

_____

Notary Public

STUART L. SEARS
NOTARY PUBLIC, State of New York
No. 02SE5049209
Qualified in Queens County
Commission Expires Sept. 11, 2017

D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---------------------------------------------------------------------X

YANIV ISRAELI,

Index No. 305681/14

                 Plaintiff(s),

**DEMAND FOR STATEMENT
OF DAMAGES CLAIMED**

     -against-

JOSE D. RUIZ and FIERMAN PRODUCE
EXCHANGE, INC.,

                Defendant(s).

---------------------------------------------------------------X

**S I R S :**

     **PLEASE TAKE NOTICE,** that demand is hereby made upon you, pursuant to CPLR 3017(c) that

within 15 days plaintiff shall provide a statement of damages to which the pleader deems himself entitled.

Demand is hereby also made that the pleader state whether or not the amount of damages sought exceeds the

jurisdictional limits of all lower courts which would otherwise have jurisdiction.  The pleader shall set forth

the total damages to which the pleader deems himself entitled.  This supplemental demand which is served

with the Verified Answer shall be treated in all respects as a demand made pursuant to CPLR 3017(a).

     Failure to provide same to the requesting defendant shall compel this requesting defendant to seek

dismissal of the plaintiff's action.

Dated:  November 19, 2014
       New York, New York

                        Yours, etc.,

                        **CRISCI, WEISER & MCCARTHY**
                        Attorney for Defendant(s)
                        **JOSE D. RUIZ and FIERMAN PRODUCE
EXCHANGE, INC.,**
                        17 State Street, 8th Floor
                        New York, NY  10004
                        212-943-8940
                        File No. 15-396251 – DW

                   By: _____
                        DAVID WEISER

SHAEVITZ, SHAEVITZ & KOTZAMANIS
Attorneys for Plaintiff(s)
1548-55 Hillside Avenue
Jamaica, NY 11435
718-291-3400

STATE OF NEW YORK        }
                         } s.s:
COUNTY OF NEW YORK }

     **CARMEN RIVERA,** being duly sworn says:  I am not a party to the within action, I am over 18 years of age and reside at Bronx, New York.

     On **November 20, 2014,** I served a true copy of the annexed

**DEMAND FOR STATEMENT OF DAMAGES CLAIMED**

in the following manner upon:

SHAEVITZ, SHAEVITZ & KOTZAMANIS
Attorneys for Plaintiff(s)
1548-55 Hillside Avenue
Jamaica, NY 11435

by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to indicated above.

**CARMEN RIVERA**

Sworn to before me this
20th day of November, 2014

**NOTARY PUBLIC**

BARBARA A. HYDES
Notary Public - State of New York
No. 01HY6217...
Qualified in Kings County
My Commission Expires February ... 2018

Index No.                                     Year  2014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

YANIV ISRAELI,

                                        Plaintiff(s),

          -against-

JOSE D. RUIZ and FIERMAN PRODUCE
EXCHANGE, INC.,

                                        Defendant(s).

## DEMAND FOR STATEMENT OF DAMAGES CLAIMED

### LAW OFFICES OF CRISCI, WEISER & MCCARTHY
**Attorney for Defendant(s)**
**17 STATE STREET, 8TH FLOOR**
**NEW YORK, NEW YORK 10004**
**(212)943-8940**
**FILE NO.  15-396251 – DW**

☐     *that the within is a (certified) true copy of a*
NOTICE OF   *entered in the office of the clerk the within named Court on*
ENTRY

☐     *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF   *Hon.                                one of the judges of the within named*
SETTLEMENT  *Court,*

E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------------X
YANIV ISRAELI,                                                                        Index No.

                                        Plaintiff(s),                        **VERIFIED ANSWER**

              -against-

JOSE D. RUIZ and FIERMAN PRODUCE
EXCHANGE, INC.,

                                        Defendant(s).
--------------------------------------------------------------------------X

**S I R S:**

       Defendant(s) **JOSE D. RUIZ and FIERMAN PRODUCE EXCHANGE, INC.,** by their

attorney, **CRISCI, WEISER & MCCARTHY, ESQS.**, as and for their Verified Answer to the Verified

Complaint of the plaintiffs herein alleges as follows:

### ANSWERING THE FIRST CAUSE OF ACTION

       1.     Deny each and every allegation set forth in paragraphs 1, 3, 5, 10, 11, 16, 17, 18, 19, 20, 21, 22,

23, 24 and 25 of the Verified Complaint.

### ANSWERING OF MEDICAL BILLS

       2.     Repeats, reiterates and realleges each and every admission and denial set forth in answer to

paragraphs 1 through 25 of the Verified Complaint inclusive with the same force and effect as if set forth

herein at length to paragraph 26 of the Verified Complaint.

       3.     Denies each and every allegation set forth in paragraphs 27 and 28 of the Verified Complaint.

### AS FOR A FIRST AFFIRMATIVE DEFENSE

       4.     That if the occurrence as alleged in the Verified Complaint occurred at all, it was caused

completely or partially by the culpable conduct of the plaintiff and not by the answering defendant(s), and the

answering defendant(s) seeks a dismissal or reduction in any recovery had by the plaintiff in proportion to

which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the

damages.

### AS FOR A SECOND AFFIRMATIVE DEFENSE

       5.     That the Verified Complaint fails to state a cause of action upon which relief can be granted

by virtue of the fact that plaintiff has failed to sustain serious injuries for which they are entitled to compensation as defined in Section 5102 of the Insurance Law and is/are therefore not entitled to relief by this Court.

## AS FOR A THIRD AFFIRMATIVE DEFENSE

6.      That the Court lacks personal jurisdiction over the defendant, because of improper service of the Summons and Complaint.

## AS FOR A FOURTH AFFIRMATIVE DEFENSE

7.      That the Court lacks subject matter jurisdiction over this matter.

## AS FOR A FIFTH AFFIRMATIVE DEFENSE

8.      If this answering defendant is found negligent, as claimed, and if the defendant's joint liability is fifty percent or less of the total liability assigned to all persons liable, then this defendant's ultimate responsibility for non-economic loss, pursuant to CPLR 1601, cannot exceed this equitable share.

## AS FOR A SIXTH AFFIRMATIVE DEFENSE

9.      That the plaintiff failed to state a cause of action.

## AS FOR A SEVENTH AFFIRMATIVE DEFENSE

10.     The plaintiff assumed all the risks inherent in the activity in question.

## AS FOR AN EIGHTH AFFIRMATIVE DEFENSE

11.      That the plaintiff failed to mitigate and/or reduce and/or eliminate his damages and losses, if any, as alleged in the Verified Complaint.

## AS FOR A NINTH AFFIRMATIVE DEFENSE

12.     That upon information and belief, the plaintiff's injuries and/or damages, if any, were caused by the intervening and/or superseding acts of third parties unrelated to these answering defendant.

## AS FOR A TENTH  AFFIRMATIVE DEFENSE

13.     That the conditions alleged in the Verified Complaint to have caused and/or contributed to the accident, if any, were open, obvious, notorious and apparent.

## AS FOR A ELEVENTH AFFIRMATIVE DEFENSE

14.     That the alleged conditions if it exists at all constitutes de-minimus defect.

## AS FOR A TWELFTH AFFIRMATIVE DEFENSE

15.   That the plaintiff's claim is barred by New York State Worker's Compensation Law.

## AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE

16.     To the extent plaintiff is entitled to recover any damages in connection with this action, which

is expressly denied, said recovery is to be reduced by the amounts received from collateral sources pursuant to

CPLR Section 4545.

**WHEREFORE,** defendant(s) demands judgment dismissing plaintiffs' Verified Complaint against

the answering defendant(s), together with the costs and disbursements of this action.

Dated:  November 19, 2014
         New York, New York

                                        Yours, etc.,

                                        **CRISCI, WEISER & MCCARTHY**
                                        Attorney for Defendant(s)
                                        **JOSE D. RUIZ and FIERMAN PRODUCE
                                        EXCHANGE, INC.,**
                                        17 State Street, 8th Floor
                                        New York, NY  10004
                                        212-943-8940
                                        File No. 15-396251 – DW


                                        By: _____
                                                DAVID WEISER


SHAEVITZ, SHAEVITZ & KOTZAMANIS
Attorneys for Plaintiff(s)
1548-55 Hillside Avenue
Jamaica, NY 11435
718-291-3400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

YANIV ISRAELI,                                                    Index No.

                                        Plaintiff(s),            **DEMAND FOR VERIFIED**
                                                                 **BILL OF PARTICULARS**
             -against-

JOSE D. RUIZ and FIERMAN PRODUCE
EXCHANGE, INC.,

                                        Defendant(s).
-------------------------------------------------------------------X

# C O U N S E L O R S :

     **PLEASE TAKE NOTICE,** that you are hereby required to file and serve the following particulars

of plaintiff(s)' alleged cause of action herein within 30 days after service of this demand.

     1.     Present address of plaintiff(s).

     2.     Date of birth and social security number of plaintiff(s).

     3.     Any names used by plaintiff(s) other than as specifically set forth.

     4.     Date, time and exact location of the occurrence.

     5.     State, in what respects it shall be claimed that the answer defendant(s) were negligent and

particularize the acts or omissions which it shall be claimed constituted such negligence.

     6.     State in what respects it shall be claimed that such acts or omissions either caused or

contributed to the incident complained of.

     7.     A statement of the plaintiff's injuries claimed to have resulted from the occurrence, identifying

that portion of plaintiff's body affected and the approximate date of the onset of symptoms of each of the

injuries claimed.

     8.     A statement of the injuries that the plaintiff will claim resulted in death

     9.     A statement of the injuries that the plaintiff will claim resulted in dismemberment.

     10.     A statement of the injuries that the plaintiff will claim resulted in a significant disfigurement.

     11.     A statement of the injuries that the plaintiff will claim resulted in a fracture.

     12.     A statement of the injuries that the plaintiff will claim resulted in the loss of a fetus.

     13.     A statement of the injuries that the plaintiff will claim resulted in the permanent loss of use of

a body organ, member, function or system.

14.     A statement of the injuries that the plaintiff will claim resulted in a permanent consequential limitation of use of a body organ or member.

15.     A statement of the injuries that the plaintiff will claim resulted in a significant limitation of body function or system.

16.     A statement of the plaintiff's injuries and/or impairments that the plaintiff will claim are medically determined which prevented him or her from performing substantially all of the material acts that constituted his or her usual and customary activities for not less than 90 days during the 180 days immediately following the occurrence.

17.     A statement of the material acts that the plaintiff will claim constituted his or her regular activities prior to the accident that he or she was prevented from performing.

18.     State whether it will be claimed that the incident complained of aggravated a pre-existing injury or condition and, if so, specify the nature, cause and duration of such pre-existing injury or condition.

19.     State the dates that each plaintiff received treatment at any hospital, out-patient department, clinic or medical office with the name and address of each facility.

20.     State the length of time that plaintiff(s) was confined to a hospital or other health care facility and the name and address of each hospital or facility, together with the date of admission and discharge.

21.     The length of time plaintiff(s) was confined to bed as a result of the occurrence with date of confinement.

22.     The length of time plaintiff(s) was confined to home  as a result of the occurrence with date of confinement.

23.     Set forth:

>      a. the occupation of each plaintiff;
>      b. the name and address of employer;
>      c. number of working days incapacitated;
>      d. weekly rate of pay

24.     State whether the plaintiff will claim that he or she missed any time from his or her employment as a result of the injuries claimed to have been sustained as a result of this occurrence

25.     State the length of time it is alleged plaintiff(s) was totally disabled as a result of the occurrence including specific dates.

26.    State the length of time it is alleged that plaintiff(s) was partially disabled, as a result of the occurrence including specific dates.

27    . If the plaintiff is a student, set forth the name and address of attending institution together with date of absences as a result of this occurrence.

28.    Set forth the total amounts claimed as special damages for:

    a. physician services;
    b. medical supplies;
    c. hospital expenses;
    d. nurses services;
    e. loss of earnings;
    f. other (specify).

29.    State whether the plaintiff(s) has been reimbursed for any of the above special damages?  If so, give the name of the person or organization tendering such benefits, including No-Fault.

30.    Set forth by section and title, statutes, regulations, rules, ordinances and any other laws, it will be claimed were violated by this defendant(s).

31.    Set forth the nature and extent of any services allegedly lost.

32.    If an automobile accident, give the name of the thoroughfare on which the accident occurred, and direction in which each motor vehicle or pedestrian involved in the accident was proceeding, prior to and at the time of the occurrence.

33.    State whether plaintiff(s) suffers from any residual affects of any injuries sustained in this occurrence and, if so, set forth a description thereof.

Dated:  November 19, 2014
         New York, New York

Yours, etc.,

**CRISCI, WEISER & MCCARTHY**
Attorney for Defendant(s)
**JOSE D. RUIZ and FIERMAN PRODUCE EXCHANGE, INC.,**
17 State Street, 8th Floor
New York, NY  10004
212-943-8940
File No. 15-396251—JDW

By: _____
        DAVID WEISER

SHAEVITZ, SHAEVITZ & KOTZAMANIS
Attorneys for Plaintiff(s)
1548-55 Hillside Avenue
Jamaica, NY 11435
718-291-3400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

YANIV ISRAELI,

                                  Plaintiff(s),

          -against-

JOSE D. RUIZ and FIERMAN PRODUCE
EXCHANGE, INC.,

                                  Defendant(s).

-------------------------------------------------------------------X

Index No.

**NOTICE FOR DISCOVERY
AND INSPECTION**

**S I R S :**

      **PLEASE TAKE NOTICE,** that pursuant to the Civil Practice Law and Rules, you are required to produce for discovery, inspection and reproduction at the office of the undersigned on the 22nd day of December, 2014, the following:

      1.     Any signed or unsigned statement, transcript or recorded statement made by or taken from any party represented by the undersigned in this action or any agent, servant or employee of any defendant represented by this office.

      2.     Photographs of instrumentalities involved in this occurrence and areas of such occurrence taken at or immediately after the occurrence; all pre-accident and post-accident photographs.

      3.     Names and present addresses of each person known or claimed in the action to be a witness to:

           (a)    the occurrence;
           (b)    any acts, omissions or conditions which allegedly caused the occurrence and;
           (c)    any actual notice allegedly given to the defendant(s) of such conditions.

      4.     The accident reports of the parties as prepared in the regular course of business operations or practices of any person or entity.

      5.     The name(s) and address(es) of each party and attorney appearing in this action, pursuant to the above and CPLR 2103(e).

      6.     The index number of this action.

      7.     The name(s) and address(es) of all physicians or other persons who have consulted with, examined or treated the plaintiff(s) for each of the conditions allegedly caused or exacerbated by the occurrence including the date(s) of such consultant, examination or treatment.

8.    Medical reports pursuant to CPLR 3121 and 3101.

9.    Duly executed and acknowledged written authorization, containing the complete name and address of health care provider and dates of treatment, which will permit the undersigned to obtain and make copies of all of the following concerning the occurrence underlying the action:

(a)    complete hospital records including all notations of physicians, nurses, medical boards, laboratories and all departments;

(b)    actual x-rays and other diagnostic test data and interpretations as taken in any hospital, laboratory or other office location and;

(c)    complete office medical records concerning consultation, diagnoses and treatment of the plaintiff(s).

10.    Duly executed and acknowledged written authorizations which will permit the undersigned to obtain and make copies of all in-patient and out-patient treatment records, and x-rays and other diagnostic tests for any conditions of injuries of any period preceding this occurrence for any areas of the body claimed injured or re-injured in the occurrence underlying this action.

**PLEASE TAKE FURTHER NOTICE,** that in lieu of said inspection, you may forward the information to this office prior to the return date.

**PLEASE TAKE FURTHER NOTICE,** that the within is a continuing request.  In the event any of the above items are obtained after service hereof, they are to be immediately furnished to the undersigned.

**PLEASE TAKE FURTHER NOTICE,** that upon your failure to produce, identify, state and provide the aforesaid items within twenty (20) days of service hereof, a motion will be made for the appropriate relief to this Court.

Dated: November 19, 2014
       New York, New York

Yours, etc.,

**CRISCI, WEISER & MCCARTHY**
Attorney for Defendant(s)
**JOSE D. RUIZ and FIERMAN PRODUCE
EXCHANGE, INC.,**
17 State Street, 8th Floor
New York, NY  10004
212-943-8940
File No. 15-396251—DW

By: _____
       DAVID WEISER

SHAEVITZ, SHAEVITZ & KOTZAMANIS
Attorneys for Plaintiff(s)
1548-55 Hillside Avenue
Jamaica, NY 11435
718-291-3400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

YANIV ISRAELI,                                                    Index No.

                                    Plaintiff(s),                **REQUEST FOR EXPERT**
                                                                  **DISCLOSURE PURSUANT**
          -against-                                               **CPLR 3101 (d)(1)**

JOSE D. RUIZ and FIERMAN PRODUCE
EXCHANGE, INC.,

                                    Defendant(s).
-------------------------------------------------------------------X

**S I R S :**

          **PLEASE TAKE NOTICE,** that the defendant(s) hereby make(s) demand(s) upon you as follows:

          1.        Identify and state the qualifications of each person whom you expect to call as an expert

witness at trial.

          2.        State, in reasonable detail, the subject matter upon which the expert is expected to testify.

          3.        Provide the substance of the facts and opinions upon which the expert is expected to testify.

          4.        Provide a summary of the grounds of each such opinion.

          **PLEASE TAKE FURTHER NOTICE,** that demand is further made for you to supplement your

response to this request immediately upon consultation and retention of an expert witness.

          **PLEASE TAKE FURTHER NOTICE,** that the within is a continuing request.  In the event any

of the above items are obtained after service hereof, they are to be immediately furnished to the undersigned.

          **PLEASE TAKE FURTHER NOTICE,** that upon your failure to produce, identify, state and

provide the aforesaid items within twenty (20) days of service hereof, a motion will be made for the

appropriate relief to this Court.

Dated: November 19, 2014
       New York, New York

                                        Yours, etc.,

                                        **CRISCI, WEISER & McCARTHY**
                                        Attorney for Defendant(s)
                                        **JOSE D. RUIZ and FIERMAN PRODUCE**
                                        **EXCHANGE, INC.,**
                                        17 State Street, 8th Floor
                                        New York, NY  10004

212-943-8940
File No. 15-396251 – DW

By: _____
        DAVID WEISER

SHAEVITZ, SHAEVITZ & KOTZAMANIS
Attorneys for Plaintiff(s)
1548-55 Hillside Avenue
Jamaica, NY 11435
718-291-3400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

YANIV ISRAELI,                                      Index No.

                              Plaintiff(s),         **DEMAND PURSUANT TO**
              -against-                              **CPLR SECTION 4545**

JOSE D. RUIZ and FIERMAN PRODUCE
EXCHANGE, INC.,

                              Defendant(s).
-------------------------------------------------------------------X

**S I R S :**

      **PLEASE TAKE NOTICE,** that demand is hereby made upon the attorney(s) for the plaintiff(s) that they serve upon the undersigned, a statement in conformity with CPLR Section 4545, stating whether any part of the cost of medical care, dental care, custodial care, rehabilitation services, loss of earnings, or other economic loss sought to be recovered herein was replaced or indemnified in whole or in part, from any collateral source such as insurance, social security (except those benefits provided under Title 18 of the Social Security Action), Workers' Compensation, or employee benefit programs and, if so, the full name and address of each organization or program providing such replacement or indemnification, together with an itemized statement of the amount in which each such claimed items of economic loss was replaced or indemnified by each such organization or program.

      Demand is additionally made for duly executed and acknowledged original written authorization(s) permitting the undersigned to inspect and copy any records reflecting any collateral source or payment in response to the foregoing demand.

      **PLEASE TAKE FURTHER NOTICE,** that your failure to comply with the foregoing within twenty (20) days will serve as the basis of a motion for appropriate relief and/or Sanctions pursuant to the CPLR.

      **PLEASE TAKE FURTHER NOTICE,** that the within is a continuing request.  In the event any of the above items are obtained after service hereof, they are to be immediately furnished to the undersigned.

      **PLEASE TAKE FURTHER NOTICE,** that upon your failure to produce, identify, state and provide the aforesaid items within twenty (20) days of service hereof, a motion will be made for the appropriate relief to this Court.

Dated: November 19, 2014
New York, New York

Yours, etc.,

**CRISCI, WEISER & MCCARTHY**
Attorney for Defendant(s)
**JOSE D. RUIZ and FIERMAN PRODUCE
EXCHANGE, INC.,**
17 State Street, 8th Floor
New York, NY  10004
212-943-8940
File No. 15-396251 – DW

By: _____
      DAVID WEISER

SHAEVITZ, SHAEVITZ & KOTZAMANIS
Attorneys for Plaintiff(s)
1548-55 Hillside Avenue
Jamaica, NY 11435
718-291-3400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

YANIV ISRAELI,                                                    Index No.

                              Plaintiff(s),            **CPLR RULE SECTION
                                                       2103 NOTICE**
        -against-                                      **(Effective 1/01/90)**

JOSE D. RUIZ and FIERMAN PRODUCE
EXCHANGE, INC.,

                              Defendant(s).
-------------------------------------------------------------------X

S I R S :

        **PLEASE TAKE NOTICE,** that third-party defendant, their attorney, **CRISCI, WEISER &**

**McCARTHY,** hereby serves Notice upon you pursuant to Rule 2103 of the Civil Practice Law and Rules that

service of papers in this matter by electronic means is expressly rejected.

        **PLEASE TAKE FURTHER NOTICE,** that service of papers upon defendant(s), by electronic

means may only be effectuated after consent to such service is given by the undersigned in writing and by

placing such electronic communication number in the address block of papers filed with the Court.

Dated: November 19, 2014
       New York, New York

                                        Yours, etc.,

                                        **CRISCI, WEISER & MCCARTHY**
                                        Attorney for Defendant(s)
                                        **JOSE D. RUIZ and FIERMAN PRODUCE
                                        EXCHANGE, INC.,**
                                        17 State Street, 8th Floor
                                        New York, NY  10004
                                        212-943-8940
                                        File No. 15-396251 – DW

                                        By: _____
                                              DAVID WEISER

SHAEVITZ, SHAEVITZ & KOTZAMANIS
Attorneys for Plaintiff(s)
1548-55 Hillside Avenue
Jamaica, NY 11435
718-291-3400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X
YANIV ISRAELI,

Index No.

                            Plaintiff,

**<u>DEMAND FOR</u>**
**<u>EMPLOYMENT</u>**
**<u>RECORD</u>**
-against-
**<u>AUTHORIZATION AND</u>**
**<u>W2S</u>**
JOSE D. RUIZ and FIERMAN PRODUCE
EXCHANGE, INC.,

                           Defendant(s).
------------------------------------------------------------------X
**S I R S :**

    **PLEASE TAKE NOTICE** that pursuant to **Section 3101(a)** and **3120 of the CPLR**, the

defendant(s) demand authorizations permitting them to obtain plaintiff's employment records relevant to the

above-entitled action as well as copies of plaintiff's W2s for the years 2012 to the present.

    **PLEASE TAKE FURTHER NOTICE** that this authorization should permit said defendant(s)

access to information relating to the plaintiff's salary, attendance on the job and medical history.

    Should the plaintiff willfully fail to disclose the above information, said defendant(s) will actively

pursue the remedies made available in **Section 3126** of the CPLR.

    **PLEASE TAKE FURTHER NOTICE,** that the within is a continuing request.  In the event any

of the above items are obtained after service hereof, they are to be immediately furnished to the undersigned.

    **PLEASE TAKE FURTHER NOTICE,** that upon your failure to produce, identify, state and

provide the aforesaid items within thirty (30) days of service hereof, a motion will be made for the

appropriate relief to this Court.

Dated: November 19, 2014
       New York, New York

                         Yours, etc.,

                         **CRISCI, WEISER & MCCARTHY**
                         Attorney for Defendant(s)
                         **JOSE D. RUIZ and FIERMAN PRODUCE**
                         **EXCHANGE, INC.,**
                         17 State Street, 8th Floor
                         New York, NY  10004
                         212-943-8940
                         File No. 15-396251 - DW

                         By: _____
                             DAVID WEISER

SHAEVITZ, SHAEVITZ & KOTZAMANIS
Attorneys for Plaintiff(s)
1548-55 Hillside Avenue
Jamaica, NY 11435
718-291-3400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
YANIV ISRAELI,

                                        Plaintiff,        Index No.

            -against-                                     **DEMAND FOR INCOME**
                                                         **TAX RECORD**
                                                         **AUTHORIZATIONS**
JOSE D. RUIZ and FIERMAN PRODUCE
EXCHANGE, INC.,

                                        Defendant(s).
-------------------------------------------------------------------X
**S I R S :**

        **PLEASE TAKE NOTICE,** that pursuant to the CPLR, you are required to produce for discovery,

inspection and production at the office of the undersigned, on the 22nd day of December, 2014 at 10:00 a.m.,

the following:

        1. Authorization for plaintiff's IRS tax records for the years 2012 to the present.

        **PLEASE TAKE FURTHER NOTICE,** that in lieu of said inspection, you may forward the

information to this office prior to the return date.

Dated: November 19, 2014
        New York, New York

                                        Yours, etc.,

                                        **CRISCI, WEISER & MCCARTHY**
                                        Attorney for Defendant(s)
                                        **JOSE D. RUIZ and FIERMAN PRODUCE**
                                        **EXCHANGE, INC.,**
                                        17 State Street, 8th Floor
                                        New York, NY  10004
                                        212-943-8940
                                        File No. 15-396251 – DW

                                        By: _____
                                                DAVID WEISER

SHAEVITZ, SHAEVITZ & KOTZAMANIS
Attorneys for Plaintiff(s)
1548-55 Hillside Avenue
Jamaica, NY 11435
718-291-3400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------X

YANIV ISRAELI,                                                Index No.

                                                             **DEMAND FOR NO-FAULT**
                                                             **RECORD AUTHORIZATIONS**

                               Plaintiff(s),

          -against-

JOSE D. RUIZ and FIERMAN PRODUCE
EXCHANGE, INC.,

                               Defendant(s).
--------------------------------------------------------------------X

**S I R S :**

          **PLEASE TAKE NOTICE,** that the undersigned hereby demand, pursuant to CPLR 3101(a) and

CPLR 3120 that plaintiff(s), is required to produce for discovery, inspection and production at the office of

the undersigned, on the 22nd day of December, 2014 at 10:00 A.M. the following:

          1.          Authorization for plaintiff(s)' no-fault records.

          **PLEASE TAKE FURTHER NOTICE,** that in lieu of said inspection, you may forward the

information to this office prior to the return date.

          **PLEASE TAKE FURTHER NOTICE,** that the within is a continuing request.  In the event any

of the above items are obtained after service hereof, they are to be immediately furnished to the undersigned.

          **PLEASE TAKE FURTHER NOTICE,** that upon your failure to produce, identify, state and

provide the aforesaid items within thirty (30) days of service hereof, a motion will be made for the

appropriate relief to this Court.

Dated: November 19, 2014
          New York, New York

                                        Yours, etc.,

                                        **CRISCI, WEISER & MCCARTHY**
                                        Attorney for Defendant(s)
                                        **JOSE D. RUIZ and FIERMAN PRODUCE**
                                        **EXCHANGE, INC.,**
                                        17 State Street, 8th Floor
                                        New York, NY  10004
                                        212-943-8940
                                        File No. 15-396251 – DW

                                        By: _____
                                                 DAVID WEISER

SHAEVITZ, SHAEVITZ & KOTZAMANIS
Attorneys for Plaintiff(s)
1548-55 Hillside Avenue
Jamaica, NY 11435
718-291-3400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

YANIV ISRAELI,

            Plaintiff(s)

      -against-

JOSE D. RUIZ and FIERMAN PRODUCE
EXCHANGE, INC.,

                  Defendant(s).

-------------------------------------------------------------X

Index No.

**DEMAND FOR
DISCLOSURE AS
TO MEDICARE
SSDI/SSI AND/OR
MEDICAID
INFORMATION**

**COUNSELORS:**

    **PLEASE TAKE NOTICE,** that pursuant to the requirements of Section 111 of the Medicare,

Medicaid and SCHIP Extension Act of 2007 (42 U.S.C. 1395y(b)(7) and (b)(8)), defendant(s), demands that

plaintiff provide the following information within twenty (20) days of the date hereof:

    a)    The plaintiff's date of birth and gender;

    b)    The plaintiff's social security number;

    c)    Whether plaintiff has applied for or is receiving Medicare or Medicaid benefits and the address of the office handling the plaintiff's Medicare or Medicaid file;

    d)    Whether plaintiff has applied for or is receiving SSI or SSDI benefits in connection with any accident or illness which is the subject of this litigation, and include the address of the office handling the plaintiff's Medicare and/or Medicaid file;

    e)    Whether plaintiff has been diagnosed with or is being treated for end-stage renal failure attributable or related to any accident or illness which is the subject of this litigation;

    f)    Whether any application for said Medicare, Medicaid, SSI and/or SSDI benefits has been denied;

    g)    Whether plaintiff has appealed or intends to appeal from any denial of said Medicare, Medicaid, SSI or SSDI benefits;

    h)    The identification number or beneficiary number (HICN) issued to the plaintiff for Medicare or other federal governmental benefits;

    i)    State whether Medicare and/or Medicaid has a lien and if so, state the amount;

    j)    Provide copies of documents, records, memoranda, notes, etc., in plaintiff's possession pertaining to receipt of Medicare, Social Security Disability and/or Medicaid benefits, including copies of all documents provided to or received from Medicare, Social Security Disability and/or Medicaid administrators;

k)    Provide copies of any claim summary documents from CMS, Medicare and/or Medicaid;

l)    If plaintiff has not received Medicare, Social Security Disability and/or Medicaid benefits in the past or is not receiving Medicare, Social Security Disability and/or Medicaid benefits now, state whether plaintiff is eligible to receive said benefits;

m)    If plaintiff was receiving Medicare, Social Security Disability and/or Medicaid benefits and is now deceased, please provide the following:

1.    Relationship of the administrator of the estate to the decedent;
2.    Name and address of administrator;
3.    Telephone number and address of administrator;
4.    Social Security number of Administrator;
5.    An authorization to examine and copy deceased's Medicare, Social Security Disability and/or Medicaid records.

**PLEASE TAKE FURTHER NOTICE**, that defendant(s), **JOSE D. RUIZ and FIERMAN PRODUCE EXCHANGE, INC.,** demands that plaintiff furnish the following within twenty (20) days of the date hereof.

HIPAA compliant authorizations bearing the date of birth and Social Security or HICN number permitting the undersigned to obtain copies of all documents contained in the files and records of the United States Department of Health and Human Services, or any attorney or agent acting on behalf of plaintiff relating, to plaintiff's application for and receipt of Medicare or Medicare benefits, and/or Supplemental Security Income (SSI) or Social Security Disability Income (SSDI) benefits, including documents relating to the denial of any of said benefits and any appeal taken from the denial of any of said benefits.

All authorizations should contain the following statement: "This authorization will remain in effect up to the conclusion of my court case."

**PLEASE TAKE FURTHER NOTICE** that the foregoing are continuing demands. In the event that any of the above items are obtained or received after service of these demands, supplemental responses and/or authorizations should be furnished to the undersigned.

**PLEASE TAKE FURTHER NOTICE** that upon your failure to comply with the foregoing demands, an application will be made to the court for appropriate relief.

Dated: November 19, 2014
New York, New York

Yours, etc.,

**CRISCI, WEISER & MCCARTHY**
Attorney for Defendant(s)
**JOSE D. RUIZ and FIERMAN PRODUCE
EXCHANGE, INC.,**
17 State Street, 8th Floor
New York, NY 10004
212-943-8940
File No. 15-396251 — DW

By:   _____
          DAVID WEISER


SHAEVITZ, SHAEVITZ & KOTZAMANIS
Attorneys for Plaintiff(s)
1548-55 Hillside Avenue
Jamaica, NY 11435
718-291-3400

STATE OF NEW YORK    }
                     }ss:
COUNTY OF NEW YORK}

I, the undersigned, am an attorney admitted to practice in the Courts of New York State, and say that: I am of counsel to the attorney of record for Defendant(s) **JOSE D. RUIZ and FIERMAN PRODUCE EXCHANGE, INC.**  I have read the annexed ***Verified Answer*** and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon information and correspondence contained in the file maintained by your affirmant's office.  The reason I make this affirmation is that the defendant is not located in the County of New York where your affirmant maintains her office.

Dated: November 19, 2014
       New York, New York

_____
       **DAVID WEISER**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

YANIV ISRAELI,                                                  Index No.

                     Plaintiff(s),          **NOTICE TO TAKE**
                                          **DEPOSITION UPON ORAL**
     -against-                                 **EXAMINATION**

JOSE D. RUIZ and FIERMAN PRODUCE
EXCHANGE, INC.,

                     Defendant(s).
-------------------------------------------------------------------X

S I R S :

        **PLEASE TAKE NOTICE,** that pursuant to Article 31 of the Civil Practice Law and Rules the

testimony, upon oral examination of all parties will be taken before a Notary Public, who is not an attorney,

or employee of an attorney, for any party or prospective party herein and is not a person who would be

disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at

**CRISCI, WEISER & MCCARTHY, 17 State Street, 8th Floor, New York, NY  10004 on the 18th day of**

**February, 2014 at 10:00 a.m.** of that day with respect to evidence material and necessary in the defense of

this action.

Dated:  November 19, 2014
          New York, New York

                                Yours, etc.,

                                **CRISCI, WEISER & MCCARTHY**
                                Attorney for Defendant(s)
                                **JOSE D. RUIZ and FIERMAN PRODUCE**
                                **EXCHANGE, INC.,**
                                17 State Street, 8th Floor
                                New York, NY  10004
                                212-943-8940
                                File No. 15-396251 – DW

                        By: _____
                                  DAVID WEISER

SHAEVITZ, SHAEVITZ & KOTZAMANIS
Attorneys for Plaintiff(s)
1548-55 Hillside Avenue
Jamaica, NY 11435
718-291-3400

STATE OF NEW YORK    }
                } s.s:
COUNTY OF NEW YORK }

     **CARMEN RIVERA,** being duly sworn says:  I am not a party to the within action, I am over 18 years of age and reside at Bronx, New York.

     On **November 19, 2014,** I served a true copy of the annexed

### VERIFIED ANSWER WITH DISCOVERY DEMANDS

in the following manner upon:

SHAEVITZ, SHAEVITZ & KOTZAMANIS
Attorneys for Plaintiff(s)
1548-55 Hillside Avenue
Jamaica, NY 11435

by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to indicated above.

                               **CARMEN RIVERA**

Sworn to before me this
19th day of November, 2014

**NOTARY PUBLIC**

BARBARA A. HYNES
Notary Public - State of New York
No. 01HY6017966
Qualified in Kings County
My Commission Expires June 22, 2018

Index No.                          Year  2014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

YANIV ISRAELI,

                                    Plaintiff(s),

            -against-

JOSE D. RUIZ and FIERMAN PRODUCE
EXCHANGE, INC.,

                                    Defendant(s).

## VERIFIED ANSWER and DISCOVERY DEMANDS

### LAW OFFICES OF CRISCI, WEISER & MCCARTHY
Attorney for Defendant(s)
17 STATE STREET, 8TH FLOOR
NEW YORK, NEW YORK 10004
(212)943-8940
FILE NO.  15-396251 – DW

☐    that the within is a (certified) true copy of a
NOTICE OF     entered in the office of the clerk the within named Court on
ENTRY

☐    that an Order of which the within is a true copy will be presented for settlement to the
NOTICE OF     Hon.                              one of the judges of the within named
SETTLEMENT   Court,

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

YANIV ISRAELI,                                                    Index No.

                              Plaintiff(s),          **DEMAND FOR CHANGE
                                                     OF VENUE**

        -against-

JOSE D. RUIZ and FIERMAN PRODUCE
EXCHANGE, INC.,

                              Defendant(s),
-------------------------------------------------------------------X

**S I R S :**

        **PLEASE TAKE NOTICE,** that the defendant hereby demands that the place of trial of the above-

entitled action be changed from the Supreme Court, Bronx County to the United States District Court for the

Southern District of New York.

Dated:  November 19, 2014
        New York, New York

                                        Yours, etc.,

                                        **CRISCI, WEISER & MCCARTHY**
                                        Attorney for Defendant(s)
                                        **JOSE D. RUIZ and FIERMAN PRODUCE
                                        EXCHANGE, INC.,**
                                        17 State Street, 8th Floor
                                        New York, NY  10004
                                        212-943-8940
                                        File No. 15-396251 – DW

                                        By: _____
                                              DAVID WEISER

SHAEVITZ, SHAEVITZ & KOTZAMANIS
Attorneys for Plaintiff(s)
1548-55 Hillside Avenue
Jamaica, NY 11435
718-291-3400

STATE OF NEW YORK   }
                         } s.s:
COUNTY OF NEW YORK  }


       **CARMEN RIVERA,** being duly sworn says:  I am not a party to the within action, I am

over 18 years of age and reside at Bronx, New York.

       On **November 19, 2014**, I served a true copy of the annexed

## DEMAND FOR CHANGE OF VENUE

in the following manner upon:

SHAEVITZ, SHAEVITZ & KOTZAMANIS
Attorneys for Plaintiff(s)
1548-55 Hillside Avenue
Jamaica, NY 11435

by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository

of the U.S. Postal Service within the State of New York, addressed to indicated above.

                                            **CARMEN RIVERA**

Sworn to before me this
19th day of November, 2014

**NOTARY PUBLIC**

BARBARA A. HYNES
Notary Public, State of New York
No.
Qualified in
My Commission Expires                    2018
                                      2014

Index No.                              Year  2014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

YANIV ISRAELI,

                                        Plaintiff(s),

              -against-

JOSE D. RUIZ and FIERMAN PRODUCE
EXCHANGE, INC.,

                                        Defendant(s).

## DEMAND FOR CHANGE OF VENUE

### LAW OFFICES OF CRISCI, WEISER & MCCARTHY
Attorney for Defendant(s)
17 STATE STREET, 8TH FLOOR
NEW YORK, NEW YORK 10004
(212)943-8940
FILE NO.  15-396251 – DW

☐        *that the within is a (certified) true copy of a*
NOTICE OF    *entered in the office of the clerk the within named Court on*
ENTRY

☐        *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF    *Hon.                                      one of the judges of the within named*
SETTLEMENT   *Court,*



LAW OFFICE OF
# CRISCI, WEISER & McCARTHY
17 STATE STREET, 8ᵀᴴ FLOOR
NEW YORK, NY 10004
(212) 943-8940
Fax (212) 425-3428

JAMES P. MCCARTHY
Managing Attorney
_____

VINCENT P. CRISCI
DAVID WEISER
CAROLINE PAPADATOS
STEPHANIE L. ROBBINS
JAYASHRI C. SRINIVASAN CUFFEY

CHRISTINA E. JONES ROWE*

* Also admitted to practice in New Jersey

November 20, 2014

SHAEVITZ, SHAEVITZ & KOTZAMANIS
Attn: Stuart Sears, Esq.
148-55 Hillside Avenue
Jamaica, New York 11435

## SENT OVERNIGHT MAIL – UNITED PARCEL SERVICE

Re:  Yaniv Israeli v. Jose D. Ruiz & Fierman Produce
Exchange
Supreme Court, Bronx County Index No.: 30568/2014
        File No.: 29-460818-C

Dear Counselor:

We served you with a Demand for Statement of Damages.  Annexed hereto is a copy.   I also left a message with your law office to call me.  We make the demand and ask that you respond in due course.  We will be filing a Notice of Removal with the Southern District, Federal Court in New York.

It is imperative that you provide us with a Statement of Damages so that we can appropriately advise the Federal judge of same.

If you have any questions, please respond immediately at my extension, 212-709-2188 which is my direct line or by e-mail at dweiser@hanover.com.

Thank you.

Very truly yours,

DAVID WEISER

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------------X

YANIV ISRAELI,

                                    Plaintiff(s),

                    -against-

JOSE D. RUIZ and FIERMAN PRODUCE
EXCHANGE, INC.,

                                    Defendant(s).

------------------------------------------------------------------X

Index No. 305681/14

**DEMAND FOR STATEMENT**
**OF DAMAGES CLAIMED**

**S I R S :**

    **PLEASE TAKE NOTICE,** that demand is hereby made upon you, pursuant to CPLR 3017(c) that

within 15 days plaintiff shall provide a statement of damages to which the pleader deems himself entitled.

Demand is hereby also made that the pleader state whether or not the amount of damages sought exceeds the

jurisdictional limits of all lower courts which would otherwise have jurisdiction.  The pleader shall set forth

the total damages to which the pleader deems himself entitled.  This supplemental demand which is served

with the Verified Answer shall be treated in all respects as a demand made pursuant to CPLR 3017(a).

    Failure to provide same to the requesting defendant shall compel this requesting defendant to seek

dismissal of the plaintiff's action.

Dated:  November 19, 2014
        New York, New York

                    Yours, etc.,

                    **CRISCI, WEISER & MCCARTHY**
                    Attorney for Defendant(s)
                    **JOSE D. RUIZ and FIERMAN PRODUCE**
                    **EXCHANGE, INC.,**
                    17 State Street, 8th Floor
                    New York, NY  10004
                    212-943-8940
                    File No. 15-396251 – DW

                    By: _____
                        DAVID WEISER

SHAEVITZ, SHAEVITZ & KOTZAMANIS
Attorneys for Plaintiff(s)
1548-55 Hillside Avenue
Jamaica, NY 11435
718-291-3400

STATE OF NEW YORK       }
                        } s.s:
COUNTY OF NEW YORK }

**CARMEN RIVERA,** being duly sworn says:  I am not a party to the within action, I am over 18

years of age and reside at Bronx, New York.

On **November 20, 2014,** I served a true copy of the annexed

### DEMAND FOR STATEMENT OF DAMAGES CLAIMED

in the following manner upon:

SHAEVITZ, SHAEVITZ & KOTZAMANIS
Attorneys for Plaintiff(s)
1548-55 Hillside Avenue
Jamaica, NY 11435

by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository

of the U.S. Postal Service within the State of New York, addressed to indicated above.

**CARMEN RIVERA**

Sworn to before me this
20th day of November, 2014

**NOTARY PUBLIC**

BARBARA A. HYNES
Notary Public - State of New York
No. 01HY6217
Qualified in Kings County
My Commission Expires February 2018

Index No.                          Year  2014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

YANIV ISRAELI,

                                        Plaintiff(s),
              -against-

JOSE D. RUIZ and FIERMAN PRODUCE
EXCHANGE, INC.,

                                        Defendant(s).

## DEMAND FOR STATEMENT OF DAMAGES CLAIMED

### LAW OFFICES OF CRISCI, WEISER & MCCARTHY
Attorney for Defendant(s)
17 STATE STREET, 8TH FLOOR
NEW YORK, NEW YORK 10004
(212)943-8940
FILE NO.  15-396251 – DW

☐

**NOTICE OF ENTRY**     *that the within is a (certified) true copy of a*
*entered in the office of the clerk the within named Court on*

☐

**NOTICE OF SETTLEMENT**    *that an Order of which the within is a true copy will be presented for settlement to the Hon.                              one of the judges of the within named Court,*



**New York State Department of Motor Vehicles**
# POLICE ACCIDENT REPORT (NYC)
MV-104AN (7/11)

DMV CHECKED

Page __ of __ Pages

Precinct **041**

Accident No. **0474401065**

Complaint Number

☐ AMENDED REPORT

| Accident Date | Day of Week | Military Time | No. of Vehicles | No. Injured | No. Killed | Not Investigated at Scene ☐ | Left Scene | Police Photos |
|---|---|---|---|---|---|---|---|---|
| Month **8** Day **26** Year **2014** | **Tuesday** | **0658** | **2** | **1** | **0** | Reconstructed ☐ | ☐ | ☐Yes ☐No |

**VEHICLE 1**    ☐ VEHICLE 2   ☐ BICYCLIST   ☒ PEDESTRIAN   ☐ OTHER PEDESTRIAN

### VEHICLE 1
Driver License ID Number **361 280 858**  State of Lic. **N.Y.**

Driver Name - exactly as printed on license **Ruiz, Jose D.**

Address **1102 Stratford Ave**  Apt. No. **PH**

City or Town **Bronx**  State **NY**  Zip Code **10472**

Date of Birth Month **3** Day **15** Year **72**  Sex **M**  Unlicensed ☐  No. of Occupants **1**  Public Property Damaged

Name—exactly as printed on registration **Fierman Produce**

Address **253 Row B**  Apt. No.  Haz. Mat Code  Released

City or Town **Bronx**  State **NY**  Zip Code **18474**

Plate Number  State of Reg.  Vehicle Year & Make **Crown**  Vehicle Type **18-125-13**  Ins. Code

### VEHICLE 2
Driver License ID Number  State of Lic. **NJ**

Driver Name - exactly as printed on license **YANIV ISREALI**

Address **240 Prospect Ave**  Apt. No. **882**

City or Town **Hackensack**  State **NJ**  Zip Code **07601**

Date of Birth Month **2** Day **6** Year **85**  Sex **M**  Unlicensed ☐  No. of Occupants  Public Property Damaged

### ACCIDENT DIAGRAM

X 2

Place Where Accident Occurred: ☒ BRONX  ☐ KINGS  ☐ NEW YORK  ☐ QUEENS  ☐ RICHMOND

Road on which accident occurred **I/O 253 Bronx Avenue B**

at 1) intersecting street

or 2) **50** Feet ☒N ☐S ☐E ☐W of **Food Center Rd.**

**Accident Description/Officer's Notes** MOTORIST STATES THAT HE WAS DRIVING SLOWLY WHEN HE RAN OVER THE PEDESTRIAN'S TOE. MOTORIST PRODUCE A FORKLIFT TRAINING CARD WHICH WAS COMPLETED ON 7/20/11. FORKLIFT MODEL # RC550-30. SERIAL # 1A350751. TRACE DATA NUMBER TT286-RELF2LED2. OFFICER DID NOT WITNESS THE ACCIDENT. PEDESTRIAN'S BIG TOE ON HIS RIGHT FOOT WAS CRUSHED. AS PER MANAGER BOB PERLA 718 893 1644 THERE ARE CAMERAS AT LOCATION

| | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | BY | TO | 18 | Names of all involved | Date of Death |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | P | | | | **34** | **M** | **11** | **9** | | **5** | **EMS** | **7010** | | **ISREALI YANIV** | |

Officer's Rank and Signature

Print Name in Full **R. Orellana**  Tax ID No. **937920**  NCIC No. **03030**  Precinct **041**  Post/Sector **A**  Reviewing Officer  Date/Time Reviewed **8-27-14**

**PERSONS KILLED OR INJURED IN ACCIDENT** (Letter designation of persons killed or injured must correspond with letter designation on front).

| A Last Name Yaniv | First Isreali | M.I. | D Last Name | First | M.I. |
|---|---|---|---|---|---|

Address 240 Prospect Ave 882 Hackensack N.J. 07601

Address

| Date of Birth 2 Month 6 Day 82 Year | Telephone (Area Code) (201) 257-2435 | Date of Birth Month Day Year | Telephone (Area Code) ( ) |
|---|---|---|---|

| B Last Name | First | M.I. | E Last Name | First | M.I. |
|---|---|---|---|---|---|

Address

Address

| Date of Birth Month Day Year | Telephone (Area Code) ( ) | Date of Birth Month Day Year | Telephone (Area Code) ( ) |
|---|---|---|---|

| C Last Name | First | M.I. |
|---|---|---|

Address

Highway Dist. at Scene? ☐ Yes ☒ No
Name:

| Date of Birth Month Day Year | Telephone (Area Code) ( ) |
|---|---|

Shield No.

---

**ENTER INSURANCE POLICY NUMBER FROM INSURANCE IDENTIFICATION CARD, EXPIRATION DATE (IN ALL CASES), AND VIN.**

Vehicle No. 1 _____  Vehicle No.2 _____

Expiration Date _____  Expiration Date _____

VIN _____  VIN _____

---

**WITNESS (Attach separate sheet, if necessary)**

Name Nelson Cabrales   Address 1132 Summit Ave 2 Jersey City NJ. 07301   Phone (201) 472-1339

Jackie Solomon.   (201) 642-5837

---

**DUPLICATE COPY REQUIRED FOR:**

☒ Dept. of Motor Vehicles
  (If anyone is killed/injured)

☐ Motor Transport Division
  (P.D. vehicle involved)

☐ NYC Taxi & Limousine Comm.
  (if a Licensed taxi or limousine involved)

☐ Other City Agency
  (Specify)

☐ Office of Comptroller
  (if a City vehicle involved)

☐ Personnel Safety Unit
  (if a P.D. vehicle involved)

☐ Highway Unit _____

_____

**NOTIFICATIONS:** (Enter name, address, and relationship of friend or relative notified. If aided person is unidentified, list Missing Person Squad member who was notified. In either case, give date and time of notification.)

---

| PROPERTY DAMAGED (other than vehicles) | OWNER OF PROPERTY (include city agency, where applicable) |
|---|---|

---

**IF NYPD VEHICLE IS INVOLVED:**

| Police Vehicle–Operator's First Name | Last Name | Rank | Shield No. | Tax ID. No. | Command |
|---|---|---|---|---|---|

| Make of Vehicle | Year | Type of Vehicle | Plate No. | Dept. Vehicle No. | Assigned To What Command |
|---|---|---|---|---|---|

Equipment in Use At Time of Accident

☐ Siren   ☐ Horn   ☐ Turret Light   ☐ 4-Way Flasher   ☐ High-Level Warning Lights   ☐ Traffic Cones   ☐ Headlights

**ACTIONS OF POLICE VEHICLE**

☐ Responding to Code Signal _____

☐ Pursuing Violator

☐ Other (Describe) _____

☐ Complying with Station House Directive

☐ Routine Patrol

MV-104AN (7/11)

## ATTORNEY AFFIRMATION OF SERVICE

STATE OF NEW YORK            )
COUNTY OF NEW YORK           )

     I the undersigned, am the attorney for the Defendants JOSE D. RUIZ and FIERMAN PRODUCE EXCHANGE, INC.. admitted to practice in the Courts of the State of New York affirms the following under the penalties of perjury and say that:

     On  November 20, 2014 I served a true copy of the annexed

### NOTICE OF REMOVAL & ATTACHED EXHIBITS

In the following manner upon:

     SHAEVITZ, SHAEVITZ & KOTZAMANIS.
     Attorneys for Plaintiff(s)
     148-55 Hillside Avenue
     Jamaica, New York 11435
     718-291-3400

     Clerk of the Court
     SUPREME COURT/BRONX COUNTY
     851 Grand Concourse
     Bronx, NY 10451

by mailing the same in a sealed envelope, with postage prepaid therein, by overnight mail United Parcel Service within the State of New York, addressed to the last known address of the addressee(s) as indicated above on the plaintiff Shaevitz, Shaevitz & Kotzamanis and upon the Clerk of the Court, Supreme Court/Bronx County to be delivered by personal service by N'Synch support.

Dated: New York, New York
     November 20, 2014

                               DAVID WEISER, ESQ

Docket No.:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YANIV ISRAELI,

Plaintiff(s),

-against-

JOSE D. RUIZ and FIERMAN PRODUCE EXCHANGE,
INC.

Defendant(s).

## NOTICE OF FILING OF NOTICE OF REMOVAL

*LAW OFFICE OF CRISCI, WEISER & McCARTHY*
**Attorney for Defendant(s)**
**17 State Street**
**New York, NY 10004**
**212-943-8940**
**File No. 14-418587 – DW**

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: November 19, 2014                    Signature _____

*DAVID WEISER*
*(DW-5414)*