```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
YANIV ISRAELI,
                                :
               Plaintiff,            MEMORANDUM & ORDER
                                :
          -against-                  14 CV. 9244 (MHD)
                                :
JOSE D. RUIZ and FIERMAN
PRODUCE EXCHANGE, INC.,         :

               Defendants.      :
------------------------------x
```

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

Defendants Jose D. Ruiz and Fierman Produce Exchange, Inc. have moved <u>in</u> <u>limine</u> to preclude plaintiff Yaniv Israeli from introducing any testimony from his treating surgeon, Dr. Samuel Adegboyega, or else to limit the scope of that testimony to what is found in the doctor's treatment records. (Defts' Mot. In Limine, Doc. 18). In return, plaintiff seeks to preclude the testimony of defendants' designated expert, Mr. Steven Becker. (Barbera July 15, 2015 letter, Doc. 23, at 2).

The parties face trial in less than two weeks on a claim by plaintiff that he suffered a severe injury to his foot as a result of the allegedly negligent operation of a forklift at the Hunts Point Market. The lawsuit was filed in state court in November 2014

1

and promptly removed to this court. (Notice of Removal, Doc. 1, Nov. 20, 2014). A case management plan, issued on February 28, 2015, called for completion of fact discovery by May 4, 2015, with expert disclosures due by the same date and rebuttal reports by May 18, 2015, with all expert discovery to be completed by June 4, 2015. According to the case management plan, both sides anticipated offering expert testimony concerning medical treatment. (Doc. 8, Feb. 20, 2015 at 3).

The nature of plaintiff's injuries and the course of his treatment were plainly never in question. At the outset plaintiff identified his treating surgeon and produced the pertinent medical records. (Pl's Oppos., Doc. 28 at 5-6)(reporting production as of January 6, 2015). Indeed, defendant's counsel acknowledged as early as February 3, 2015 -- well before entry of the case management order -- that he had received from plaintiff's attorney not only medical releases but also treatment records. (Weiser Feb. 3, 3015 letter, Doc. 4).

Thereafter defendants conducted a deposition of plaintiff, but did not seek to depose the doctor or conduct a medical examination of plaintiff. As represented by plaintiff's attorney -- and not contradicted by defendants -- at the plaintiff's deposition counsel

for defendant advised that he did not intend to seek an independent medical examination of plaintiff or to call a medical expert "because plaintiff's injury spoke for itself, namely the amputation of two (2) toes." (Pl. Oppos. at 6). And in fact defendant never named a medical expert to testify.

Plaintiff did not serve a Rule 26(a)(2) expert witness designation on May 4, 2015. On June 24, 2015 we scheduled trial for August 3, 2015, a date now moved to August 10, 2015. On July 2, 2015 plaintiff belatedly served on defendants an expert witness disclosure statement, identifying Dr. Adegboyega as an intended expert witness for trial. (Def's Mem. Ex. B).[1] This drew a formal objection from defendants on the basis of untimeliness (Avila July 10, 2015 letter, Endorsed with Scheduling Order July 10, 2015), followed a few days later by defendants' in limine motion to preclude or limit that doctor's testimony.[2]

The basis for the defendants' application is the asserted

---

[1] The notice also identified a second physician as an expert but plaintiff has since withdrawn her as a witness and intends to call only Dr. Adegboyega. (Def. Mem. Ex. B at 1)(listing Samuel Adegboyega, M.D. and Ellen Edgar, M.D.).

[2] Defendants' motion missed the in limine motion deadline by four days, a de minimis error that we choose not to rely upon in disposing of the motion.

failure of plaintiff to comply with the rules governing discovery of expert witnesses. According to defendants, plaintiff failed to provide expert-witness information required under Rules 26(a)(2)(A) & (B) in accordance with the timing requirements of the case management order, which specified that expert-witness discovery was to be completed by June 4, 2015. (Defs' Mem. at 3). Defendants also assert that, as a result of the recent, and untimely, submission of such information by plaintiff, which came on July 7, 2015, "defendants have been ambushed and not afforded a reasonable opportunity to review and prepare for cross-examination of this expert who has still never issued a report as required by Rule 26." (Id. at 4).

Plaintiff opposes. He asserts that his delay in providing the information in question to defendants was inadvertent, that the doctor's testimony is crucial to plaintiff's case and, most importantly, that defendants have not been prejudiced. (July 15, 2015 Barbera letter, Doc. 23; Pl's Oppos. at 3-7, Doc. 28).

The caselaw on the procedural requirements that govern the use of treating physicians as witnesses is not a model of consistency. Thus some courts have held that in all cases in which a treating doctor will testify -- even as to purely factual matter -- that

4

physician must be deemed an expert witness, and accordingly the party who calls him must provide the information demanded by Rule 26(a)(2), although he is not required to prepare an expert report, as otherwise demanded by Rule 26(a)(2)(B). See, e.g., Musser v. Gentiva Health Servs., 356 F.3d 751, 756-57 & n.2 (7th Cir. 2004). Other courts have held that a treating doctor may be deemed a fact witness, and thus exempted from such requirements, although the scope of his testimony may be limited to matters that he observed in the course of diagnosis and treatment. See, e.g., Hoffman v. Lee, 474 F. Appx. 503, 505 (9th Cir. March 13, 2012); St. Vincent v. Werner Enter., Inc., 267 F.R.D. 344, 345 (D. Mont. 2010); Brusso v. Imbeault, 699 F. Supp.2d 567, 578 (W.D.N.Y. 2010); Mangla v. Univ. of Rochester, 168 F.R.D. 137, 139 (W.D.N.Y. 1996); Salas v. United States, 165 F.R.D. 31, 33 (W.D.N.Y. 1995). The courts have also disagreed to some degree as to the scope of permitted testimony of a treating doctor if he has not provided a report, even though the Advisory Committee Notes to Rule 26(a)(2)(B) make plain that no such report is required of a treating physician. Fed. R. Civ. P. 26, 1993 Advisory Committee Notes at 158 (Thomson Reuters 2015).[3] In general, however, the courts seem to agree that

---

[3] "The requirement of a written report in paragraph (2)(B) . . . applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such

the treating doctor who does not supply a report -- and indeed one for whom the plaintiff has not provided timely notice under Rule 26(a)(2)(A) -- may testify as a percipient witness to whatever he observed, including diagnoses and treatment, and opinions formed during treatment. See, e.g., Goodman v. Staples the Office Superstore, 644 F.3d 817, 826-27 (9th Cir. 2011); Barack v. American Honda Motor Co., Inc., 293 F.R.D. 106, 109 (D. Conn. 2013)(citing cases). This includes "causation, severity, disability, permanency and future impairments." Id. (quoting Williams v, Regus Mgt. Group LLC, 2012 WL 1711378, *3 (S.D.N.Y. May 11, 2012). He may not testify, however, as to matters derived "from information acquired from outside sources." Motta v. First Unum Ins. Co., 2011 WL 4374544, *3 (E.D.N.Y. Sept. 19, 2011)(quoting Mangla, 168 F.R.D. at 139). Finally, a party's failure to comply with disclosure rules regarding experts does not automatically bar their testimony, since the court may forgive such errors if they are deemed harmless. See, e.g., Design Strategy Inc. v. Davis, 469 F.3d 284, 297-98 (2d Cir. 2006).

We start with whether plaintiff has complied with Rule

---

testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report."

26(a)(2)(A), which specifies that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705", and with Rule 26(a)(2)(C), which requires the disclosure -- for a witness not required to issue a report -- of "the subject matter" on which the witness is to testify under Rule 702 and "a summary of the facts and opinions to which the witness is expected to testify." This disclosure is to be made when the court directs or 90 days before trial or required trial readiness. Fed. R. Civ. P, 26(a)(2)(D)(1).

If we assume that some of the doctor's testimony comes within the scope of Rule 702, plaintiff did not comply with this rule because he did not specifically identify the doctor as a trial witness until the preparation of the joint pretrial order, which may have occurred in early July, 2015 and then also by issuance of a belated Expert Witness designation sheet on July 2, and he did not provide the "summary" statement of the facts and opinions to which the doctor would testify. See Fed. R. Civ. P. 26(a)(2)(C), 2010 Advisory Committee Notes at 169 (noting that disclosure "is considerably less extensive than the report required by Rule 26(a)(2)(B)", and warning against requiring "undue detail, keeping in mind that these witnesses have not been specially retained and

7

may not be as responsive to counsel as those who have.").

That said, we note that, even if the plaintiff fails to comply with the expert disclosure rules, a number of courts have held that a treating doctor may properly be allowed to testify as to facts and opinions developed during treatment and thus may allow him to offer not merely a narrative of his observation of his patient and his treatment, but also his assessment of the patient's prognosis and causation. See, e.g., Barack, 293 F.R.D. at 110-11; Brusso, 699 F. Supp.2d at 578-79.

In any event, we reiterate that -- consistent with Rule 37(c)(1) -- non-compliance with the rules of disclosure may be excused if the party can demonstrate that it was harmless error, or, otherwise stated, that the other side has not been prejudiced. See, e.g., Design Strategy, 469 F.3d at 297-98; Dennis v. Sherman, 2010 WL 1957236, *1-3 (W.D. Tenn. May 12, 2010)(harmless error refers to circumstances in which counsel made an honest mistake and the other side had sufficient knowledge that a particular witness was to be called). More generally, "[i]n determining whether preclude evidence under Rule 37(c)(1), courts examine '(1) the party's explanation for the failure to comply with disclosure requirements; (2) the importance of the testimony; (3) the

prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.'" Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006).

In this case we conclude that plaintiff's counsel made an honest error, and did not act in bad faith. Indeed, whether a plaintiff is required to list a treating doctor and summarize his testimony in these circumstances is a matter not entirely resolved by governing caselaw. We further note that the evidence as to the extent of plaintiff's injury and the treatment that he had to undergo and his prognosis are obviously highly significant to his damages case. Furthermore, despite defendants' rhetoric, they have not been meaningfully prejudiced. See, e.g., Fanning v. Target Corp., 2006 WL 298811, *3 (S.D.N.Y. Feb. 6, 2006)(finding that defendant was not prejudiced when it "had access to plaintiff's medical records during fact discovery and presumably took plaintiff's deposition testimony on the nature and extent of her injuries"). Moreover, such harm as may be discerned is readily curable.

As noted, defendants learned at the outset of this case that Dr. Adegboyega was plaintiff's treating surgeon, and they were

9

given his treatment records. At that point, and given the nature of the case -- involving a significant injury to plaintiff -- defendants' counsel surely understood that the doctor, if available, would be called as a witness at trial. See, e.g., Dennis, 2010 WL 1957236 at *2. Moreover, counsel was obviously also aware that, as a treating surgeon, the doctor inevitably would testify, at least in part, based on his specialized training and thus arguably fall in the category of Rule 702 testimony. In addition, with early access to the doctor's treatment notes, defendants' counsel had at least the basis of the doctor's expected testimony regarding the course of treatment. Furthermore, the uncontradicted account of the discussion between plaintiff's attorney and defendants' counsel during plaintiff's deposition makes clear that defendants did not view the medical facts to be in real dispute (even though they were obviously important for plaintiff's case), thus justifying the decision of defendants not to have plaintiff examined and not to call a medical expert. Finally, we note that although defendants never deposed the doctor, they were free to do so at any time during the discovery period but chose not to.

Given these circumstances, we see no reason to impose any more stringent limitations on the doctor's testimony than is generally

imposed on a treating physician who has not provided an expert report. Accordingly, Dr. Adegboyega will be permitted to testify as to plaintiff's appearance and condition from the start to the end of treatment, plaintiff's account of any facts that were pertinent to diagnosis and treatment, his treatment of the plaintiff, his assessment of plaintiff's condition during and at the conclusion of treatment, plaintiff's prognosis, any opinions that he formed about causation during the course of treatment (assuming that causation remains an issue in the case), and any needed future treatment.

There remains the question of whether to permit a short deposition of the doctor despite the fact that defendants never sought one. We note that plaintiff has represented that he would be available for such a deposition, and on that basis and with the goal of avoiding any conceivable prejudice to defendants, we authorize them to conduct such a deposition, not to exceed two hours before he testifies. See, e.g., Fanning, 2006 WL 24881 at *3. If he is so deposed, he will be permitted to testify at trial to the full range of issues that a fully qualified expert may ordinarily address in a case such as this. Defendants' counsel is to advise plaintiff's attorney within 48 hours whether he desires such a deposition, and it is to be arranged for a date, time and location convenient to the doctor.

As for plaintiff's effort to preclude defendants' expert, he bases that request on the failure of defendants to disclose prior testimony by Mr. Becker, and their failure as well to specify the fee being paid to the witness. Defendants have now belatedly provided that information (Lubin July 17, 2015 letter at 3 & Ex. B), and we view plaintiff's request for preclusion as unjustified in view of the absence of any prejudice from defendants' apparent oversight. Accordingly we deny plaintiff's application.

**Dated: New York, New York**
       **July 27, 2015**

    **MICHAEL H. DOLINGER**
    **UNITED STATES MAGISTRATE JUDGE**

Copies of the foregoing Order have been sent today to:

Steven Barbera, Esq.
718-739-5654

David Weiser, Esq.
212-425-3428

Rory L. Lubin, Esq.
Fax: (914)323-7001